

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                           :

YVETTE SHORTER,                     :

                       Plaintiff,     :

                       v.           :    Case No.

GEORGE COMFORT & SONS, INC.    :

                    Defendant.  :
--------------------------------------------------------X

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Yvette Shorter, by and through her undersigned counsel, as and for her

Complaint in this action against Defendant George Comfort & Sons, Inc., alleges as follows:

### NATURE OF THE CLAIMS

1.      This is an action for declaratory, injunctive and equitable relief, as well as

monetary damages, to redress Defendant's discriminatory treatment and unlawful termination

of Plaintiff's employment due to her disability, Defendant's perception that Plaintiff was

disabled, and/or Plaintiff's history or record of disability, in violation of the Americans with

Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA"); the New York State

Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL"); and the New

York City Human Rights Law, New York Administrative Code § 8-101 et seq. ("NYCHRL").

### JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights

under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims

arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events or omissions giving rise to this action, including the unlawful

employment practices alleged herein, occurred in this district.

## PARTIES

4.      Plaintiff Yvette Shorter ("Plaintiff" or "Ms. Shorter") is a 46-year old African-

American woman who resides in New York County, in the State of New York. Ms. Shorter

was formerly employed by Defendant from in or around 2004 to February 1, 2007, when

Defendant unlawfully terminated her employment. At all relevant times, Ms. Shorter met the

definitions of an "employee" and a "qualified individual with a disability" under all applicable

statutes.

5.      Upon information and belief, Defendant George Comfort & Sons, Inc.

("Defendant" or the "Company") is principally engaged in the business of commercial real

estate investment, leasing and management services. The Company is organized and doing

business under the laws of the State of New York with its principal place of business located

at 200 Madison Avenue, New York, New York 10016. At all relevant times, Defendant has

met the definition of an "employer" under all applicable statutes.

## ADMINISTRATIVE PROCEDURES

6.      Plaintiff has complied with all statutory prerequisites to filing this action,

having filed a charge of discrimination with the Equal Employment Opportunity Commission

("EEOC") on or about October 16, 2007.

2

7.    This action has been filed within 90 days of Plaintiff's receipt of her right-to-sue letter from the EEOC.

8.    Prior to the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of § 8-502 of the New York City Administrative Code.

9.    Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

### I.    Ms. Shorter's Exemplary Performance and Promotion

10.    Ms. Shorter was originally hired by Defendant in 2004 to oversee the payroll function of the Company's accounting department ("Payroll" or "the Payroll Position").

11.    Ms. Shorter excelled at her duties in Payroll, and the Company recognized her achievements by promoting her to a position overseeing the accounts payable function of the accounting department ("Accounts Payable" or "the Accounts Payable Position") in or around August 2004.

12.    As part of her promotion to Accounts Payable, Ms. Shorter received a pay raise, additional training, increased responsibility, and a position of greater prestige within the Company.

13.    Consistent with her demonstrated work ethic and commitment to the Company, Ms. Shorter continued to excel in the new Accounts Payable Position, as reflected in her positive year-end reviews and bonus awards from the Company.

## II.     Disability Discrimination and Failure to Accommodate

14.     In May 2006, after nearly two years of successful performance in the Accounts Payable position, Ms. Shorter began to suffer from unexplained physical symptoms, including dizziness, back pain, and substantial difficulty walking and standing.

15.     When Ms. Shorter sought medical treatment for these symptoms, her doctors discovered that Ms. Shorter was suffering from Thoracic Spinal Stenosis, a life-threatening calcium build-up on her spine, and advised Ms. Shorter that she would need to undergo surgery to prevent her symptoms from worsening or causing permanent damage to her health.

16.     Until she could undergo surgical treatment of her Thoracic Spinal Stenosis and recover from the surgery, Ms. Shorter was substantially limited in numerous major life activities, including but not limited to, performing manual tasks, walking and working.

17.     Ms. Shorter immediately notified the Company of her prognosis, and the Company agreed that Ms. Shorter should take time off for the necessary surgery.

18.     The July 2006 surgery was successful, and Ms. Shorter's doctors advised her that she would recover and be fit to return to work by February 1, 2007.

19.     Accordingly, Ms. Shorter notified the Company of her expected return date and the Company agreed that it would authorize an extension of her unpaid medical leave through that time to recover from the surgery.

20.     The Company also explicitly promised that Ms. Shorter would be able to resume her work in Accounts Payable when she returned from medical leave on February 1, 2007.

21.     As Ms. Shorter continued to recover from spinal surgery during the period of her Company-authorized medical leave, she contacted the Company on multiple occasions to confirm that she would be returning to her job in Accounts Payable on February 1, 2007.

22.     On each of these occasions, the Company confirmed that it would accommodate Ms. Shorter's medical needs and that Ms. Shorter would resume working in Accounts Payable upon her return from medical leave on February 1, 2007.

23.     However, in January 2007 – only weeks before Ms. Shorter's long-scheduled return to work in Accounts payable – the Company notified Ms. Shorter for the first time that it was repudiating its longstanding promise to accommodate her temporary disability, and that it would no longer permit her to her return to Accounts Payable on February 1, 2007.

24.     Instead, the Company informed Ms. Shorter that she could either resign her employment, or accept a demotion to the Payroll Position – which Ms. Shorter held when she first began working for the Company in 2004 – when she returned to work on February 1, 2007.

25.     Although the Company claimed that this forced demotion would benefit Ms. Shorter by placing her in a less physically demanding job, which the Company claimed to believe was necessary due to Ms. Shorter's medical condition, Ms. Shorter emphasized that there was no medical need or reason for her to work in a less physically demanding position, and that she would be fully capable of returning to Accounts Payable on February 1, 2007.

26.     Further, Ms. Shorter advised the Company that she could provide a certification from her doctors confirming her recovery and fitness to return to work. Ms. Shorter made it clear to the Company that forcing her to take a demotion from Accounts

Payable to the Payroll Position was not justified by her medical condition, and that she would be able to perform the essential functions of the Accounts Payable position upon her long-scheduled return to work on February 1, 2007.

27.     The Company did not provide Ms. Shorter with any reasonable business justifications or explanations for its decision to demote her other than its mistaken belief that Ms. Shorter was no longer fit to work in Accounts Payable as a result of her medical condition.

28.     Ms. Shorter objected to the Company's breach of its longstanding promise to return her to her job in Accounts Payable and its unfounded reliance on her medical condition as its justification for seeking to demote her upon her planned return to work.

29.     Ms. Shorter also objected to the timing of the Company's decision to confront her with its ultimatum – for her to choose between a demotion and termination – only a few weeks before she was scheduled to return to work.

30.     The Company nonetheless continued in its refusal to honor the agreed-upon accommodation of Ms. Shorter's disability.  Ms. Shorter therefore informed the Company that she could not accept an imposed demotion that was based solely on discriminatory perceptions of her health, yet reaffirmed her willingness and ability to return to her job in Accounts Payable on February 1, 2007.

31.     Believing that she was not required to accept a demotion on the basis of the Company's discriminatory misperception of her recovery and her ability to return to Accounts Payable without further accommodation for her disability, Ms. Shorter sought to extend her disability leave beyond February 1, 2007 – consistent with the Company's position that she

would be medically unable to return to Accounts Payable at that time – pending further discussions with the Company.

32.    Ms. Shorter believed that despite the Company's unilateral withdrawal of its accommodation of her disability – namely, its authorization of an unpaid leave of absence for Ms. Shorter to recover from her spinal surgery during a finite period – further discussions would cause the Company to recognize that its stated justification for refusing to allow her to return to Accounts Payable as promised was completely unfounded and that she was, in fact, able to perform the essential functions of the Accounts Payable position without further accommodation.

33.    But rather than engaging in further dialogue with Ms. Shorter following her rejection of the Company's ultimatum for her to resign or accept an imposed demotion, the Company terminated Ms. Shorter's employment without informing her that it had done so.

34.    Thus, even though Ms. Shorter had applied for an extension of her unpaid medical leave until she could somehow convince the Company of her recovery and fitness to return to Accounts Payable, Ms. Shorter was notified by her employer-sponsored health insurance provider that the Company had terminated her employment, and that her health insurance coverage would be discontinued.

35.    As a result of the Company's unjustified withdrawal of its agreement to accommodate Ms. Shorter's disability by allowing her to return to Accounts Payable at the scheduled conclusion of her authorized medical leave, its discriminatory and unfounded assertion that Ms. Shorter was medically unfit to return to Accounts Payable on February 1, 2007, despite her recovery, and its decision to rebuff Ms. Shorter's attempt to engage in discussions with the Company regarding her recovery and that fact that she was able to

perform the essential functions of her job in Accounts Payable as of February 1, 2007, Ms.

Shorter, was suddenly left without a job or health insurance because she refused to accept a

discriminatory forced demotion.

36.     As a direct and proximate result of the Company's unlawful and discriminatory

conduct Ms. Shorter has suffered and continues to suffer monetary and/or economic damages,

including but not limited to, loss of past and future income, compensation and benefits for

which she is entitled to an award of monetary damages and other relief.

37.     As a further direct and proximate result of the Company's unlawful and

discriminatory conduct, Ms. Shorter has suffered and continues to suffer severe mental

anguish and emotional distress, including but not limited to depression, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional

pain and suffering for which she is entitled to an award of monetary damages and other relief.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of the ADA)**

38.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1

through 37, inclusive, as if fully set forth herein.

39.     Defendant discriminated against Plaintiff in violation of the ADA by denying

her equal terms and conditions of employment, including but not limited to, demoting

Plaintiff and terminating her employment, despite Plaintiff being fully qualified to perform

the essential functions of her job with an agreed-upon reasonable accommodation (unpaid

medical leave of finite duration to recover from surgical treatment of Thoracic Spinal

Stenosis) and at all times performing her duties in a professional and competent manner,

8

because of Plaintiff's disability, because Defendant regarded Plaintiff as disabled, and/or because of Plaintiff's record of disability.

40.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

41.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

42.    Defendant's unlawful and discriminatory actions constitute willful violations of the ADA for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Violation of Duty of Reasonable Accommodation Under the ADA)

43.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 42, inclusive, as if fully set forth herein.

44.    Defendant violated its duty under the ADA to provide Plaintiff with a reasonable accommodation when it unilaterally rescinded an agreed-upon reasonable accommodation of Plaintiff's disability – namely, a medical leave of absence for the period of time specified by Plaintiff's treating surgeons and physicians during Plaintiff's recovery from

Thoracic Spinal Stenosis and/or the surgical treatment thereof – insisted that Plaintiff accept a demotion and terminated Plaintiff's employment.

45.     Defendant's violation of its duty of reasonable accommodation under the ADA was motivated solely by Plaintiff's disability, Defendant's perception that Plaintiff was disabled, the fact that Defendant regarded Plaintiff as disabled, and/or by Plaintiff's record of disability.

46.     As a direct and proximate result of Defendant's violation of its duty of reasonable accommodation under the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

47.     As a direct and proximate result of Defendant's violation of its duty of reasonable accommodation under the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

48.     Defendant's violation of its duty of reasonable accommodation under the ADA constitutes a willful violation of the ADA for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION

### (Violation of Duty to Engage in Interactive Process Under the ADA)

49.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 48, inclusive, as if fully set forth herein.

50.    Defendant violated its duty to engage in the interactive process required under the ADA when it unilaterally rescinded an agreed-upon reasonable accommodation of Plaintiff's disability – namely, a medical leave of absence for the period of time specified by Plaintiff's treating surgeons and physicians during Plaintiff's recovery from Thoracic Spinal Stenosis and/or the surgical treatment thereof – insisted that Plaintiff accept a demotion, terminated Plaintiff's employment, and failed and refused to engage in discussions with Plaintiff regarding her need for a reasonable accommodation.

51.    As a direct and proximate result of Defendant's violation of its duty to engage in the interactive process required by the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

52.    As a direct and proximate result of Defendant's violation of its duty to engage in the interactive process required by the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

53.    Defendant's violation of its duty to engage in the interactive process required by the ADA constitutes a willful violation of the ADA for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)

54.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 53, inclusive, as if fully set forth herein.

55.    Defendant discriminated against Plaintiff in violation of the NYSHRL by denying her equal terms and conditions of employment, including but not limited to, demoting Plaintiff and terminating her employment, despite Plaintiff being fully qualified to perform the essential functions of her job with an agreed-upon reasonable accommodation (unpaid medical leave of finite duration to recover from surgical treatment of Thoracic Spinal Stenosis) and at all times performing her duties in a professional and competent manner, because of Plaintiff's disability, because Defendant regarded Plaintiff as disabled, and/or because of Plaintiff's record of disability.

56.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

57.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation,

12

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional

pain and suffering for which she is entitled to an award of monetary damages and other relief.

### FIFTH CAUSE OF ACTION
**(Violation of Duty of Reasonable Accommodation Under the NYSHRL)**

58.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1

through 57, inclusive, as if fully set forth herein.

59.    Defendant violated its duty under the NYSHRL to provide Plaintiff with a

reasonable accommodation when it unilaterally rescinded an agreed-upon reasonable

accommodation of Plaintiff's disability – namely, a medical leave of absence for the period of

time specified by Plaintiff's treating surgeons and physicians during Plaintiff's recovery from

Thoracic Spinal Stenosis and/or the surgical treatment thereof – insisted that Plaintiff accept a

demotion and terminated Plaintiff's employment.

60.    Defendant's violation of its duty of reasonable accommodation under the ADA

was motivated solely by Plaintiff's disability, Defendant's perception that Plaintiff was

disabled, the fact that Defendant regarded Plaintiff as disabled, and/or by Plaintiff's record of

disability.

61.    As a direct and proximate result of Defendant's violation of its duty of

reasonable accommodation under the NYSHRL, Plaintiff has suffered and continues to suffer

monetary and/or economic damages, including but not limited to, loss of past and future

income, compensation and benefits for which she is entitled to an award of monetary damages

and other relief.

62.    As a direct and proximate result of Defendant's violation of its duty of reasonable accommodation under the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## SIXTH CAUSE OF ACTION
### (Violation of Duty to Engage in Interactive Process Under the NYSHRL)

63.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 62, inclusive, as if fully set forth herein.

64.    Defendant violated its duty to engage in the interactive process required under the NYSHRL when it unilaterally rescinded an agreed-upon reasonable accommodation of Plaintiff's disability – namely, a medical leave of absence for the period of time specified by Plaintiff's treating surgeons and physicians during Plaintiff's recovery from Thoracic Spinal Stenosis and/or the surgical treatment thereof – insisted that Plaintiff accept a demotion, terminated Plaintiff's employment, and failed and refused to engage in discussion with Plaintiff regarding her need for a reasonable accommodation.

65.    As a direct and proximate result of Defendant's violation of its duty to engage in the interactive process required by the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

66.    As a direct and proximate result of Defendant's violation of its duty to engage in the interactive process required by the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## SEVENTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)

67.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 66, inclusive, as if fully set forth herein.

68.    Defendant discriminated against Plaintiff in violation of the NYCHRL by denying her equal terms and conditions of employment, including but not limited to, demoting Plaintiff and terminating her employment, despite Plaintiff being fully qualified to perform the essential functions of her job with an agreed-upon reasonable accommodation (unpaid medical leave of finite duration to recover from surgical treatment of Thoracic Spinal Stenosis) and at all times performing her duties in a professional and competent manner, because of Plaintiff's disability, because Defendant regarded Plaintiff as disabled, and/or because of Plaintiff's record of disability.

69.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

70.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

71.     Defendant's unlawful and discriminatory actions constitute willful violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION
### (Violation of Duty of Reasonable Accommodation Under the NYCHRL)

72.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 71, inclusive, as if fully set forth herein.

73.     Defendant violated its duty under the NYCHRL to provide Plaintiff with a reasonable accommodation when it unilaterally rescinded an agreed-upon reasonable accommodation of Plaintiff's disability – namely, a medical leave of absence for the period of time specified by Plaintiff's treating surgeons and physicians during Plaintiff's recovery from Thoracic Spinal Stenosis and/or the surgical treatment thereof – insisted that Plaintiff accept a demotion and terminated Plaintiff's employment.

74.     Defendant's violation of its duty of reasonable accommodation under the NYCHRL was motivated solely by Plaintiff's disability, Defendant's perception that Plaintiff was disabled, the fact that Defendant regarded Plaintiff as disabled, and/or by Plaintiff's record of disability.

75.     As a direct and proximate result of Defendant's violation of its duty of reasonable accommodation under the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

76.     As a direct and proximate result of Defendant's violation of its duty of reasonable accommodation under the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

77.     Defendant's violation of its duty of reasonable accommodation under the NYCHRL constitutes a willful violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## NINTH CAUSE OF ACTION
### (Violation of Duty to Engage in Interactive Process Under the NYCHRL)

78.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 77, inclusive, as if fully set forth herein.

79.     Defendant violated its duty to engage in the interactive process required under the NYCHRL when it unilaterally rescinded an agreed-upon reasonable accommodation of Plaintiff's disability – namely, a medical leave of absence for the period of time specified by Plaintiff's treating surgeons and physicians during Plaintiff's recovery from Thoracic Spinal Stenosis and/or the surgical treatment thereof – insisted that Plaintiff accept a demotion,

terminated Plaintiff's employment, and failed and refused to engage in discussion with Plaintiff regarding her need for a reasonable accommodation.

80.     As a direct and proximate result of Defendant's violation of its duty to engage in the interactive process required by the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

81.     As a direct and proximate result of Defendant's violation of its duty to engage in the interactive process required by the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

82.     Defendant's violation of its duty to engage in the interactive process required by the NYCHRL constitutes a willful violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Shorter prays that this Court enter judgment in her favor and against Defendant containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States of America and the State and City of New York;

B.      An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.      An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and unlawful conduct, as well as to take such affirmative action, including but not limited reinstatement, as is necessary to ensure that the effects of Defendant's unlawful and discriminatory conduct are eliminated and do not continue to affect Plaintiff's employment;

D.      An award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E.      An award of damages in an amount to be determined at trial to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her severe mental anguish, depression, humiliation, embarrassment and emotional distress;

F.      An award of any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

G.      An award of punitive damages against Defendant;

H.      An award of all costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

I.      An award of pre-judgment interest on all amounts due; and

J.      Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
       August 18, 2008

**THOMPSON WIGDOR & GILLY LLP**

By: _____
      Douglas H. Wigdor (DW-9737)
      Ariel Y. Graff (AG-8039)

85 Fifth Avenue, 5th Floor
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845

*Attorneys for Plaintiff Yvette Shorter*

20